EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Queja |
|---|---|
| Alexis Irizarry Vega<br>Rosaura González Rucci | 2000 TSPR 128 |

Número del Caso: AB-1998-0179

Fecha: 24/08/2000

Oficina del Procurador General:

> Lcda. Cynthia Iglesias Quiñónes
> Procuradora General Auxiliar

Abogado de Alexis Irizarry Vega:

> Lcdo. Peter Ortiz

Abogado de Rosaura González Rucci:

> Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alexis I. Irizarry Vega
Rosaura González Rucci

AB-1998-179

PER CURIAM

San Juan, Puerto Rico a 24 de agosto de 2000

Estamos ante un lamentable despliegue de violaciones éticas profesionales por parte de dos abogados. Los hechos que dieron lugar a dichas violaciones partieron de la relación profesional (degenerada a un punto irreconocible como tal) habida entre ellos, por lo que se discutirán los casos en conjunto.

En vista, además, que los alegatos demuestran que no existe controversia de hechos, no hubo necesidad de designar un Comisionado Especial para que rindiera un informe con sus determinaciones de hecho. Véase, Regla 14(e)(h) del Reglamento del

Tribunal Supremo de Puerto Rico de 1 de mayo de 1996. Procedemos, entonces, a resolver.

I

En enero de 1997, la Lic. Rosaura González Rucci y el Lic. Alexis I. Irizarry Vega acordaron verbalmente constituirse en una sociedad de naturaleza profesional. Tanto las ganancias como los gastos de la sociedad serían compartidos por partes iguales. La sociedad concluyó como tal en septiembre de 1998 por diferencias personales entre los querellados.

Al disolverse la sociedad, los abogados decidieron dejar los expedientes de los clientes en la oficina de la licenciada González Rucci. Los clientes de la sociedad tendrían la opción de elegir con cuál de los abogados continuarían. Si optaban por el licenciado Irizarry Vega, los clientes procederían a pedir el expediente en la oficina de la querellada.

Varios de los clientes que optaron por solicitar su expediente en la oficina de la querellada, no pudieron obtenerlo en primera instancia. Una de las clientes afectadas por esta actuación de la licenciada González Rucci fue la señora María Arache. Ésta no recibió su expediente ya que en la oficina de la querellada le informaron que debía $800 por lo que le iban a retener el expediente hasta tanto pagara. La señora Arache escribió una carta al Colegio de Abogados y al mes recibió una carta de La licenciada González Rucci informándole que podía pasar a recoger el expediente. Cuando la señora Arache fue a recogerlo, la querellada le dijo que no se asustara cuando recibiera la demanda de cobro de los honorarios adeudados. La imposición de condicionar la entrega de expediente al pago de honorarios adeudados ocurrió con dos personas más.

La querellada le retuvo al señor Ricardo Alexis Guerrero un documento. Dicho proceder le impidió a éste obtener su residencia a

tiempo para poder solicitar ingreso a la Escuela de Medicina de la Universidad de Puerto Rico.

Cuando el querellado estableció su oficina independiente, solicitó a la agencia federal de inmigración, "Inmigration and Naturalization Services" (I.N.S. por sus siglas en inglés) que le remitiera a su nueva dirección las notificaciones de los casos en que él figuraba como abogado. Esto tuvo como consecuencia el que le enviaran documentos de casos donde el querellado había comparecido como abogado pero como parte de la sociedad profesional que tenía con la licenciada González Rucci. Algunos de esos documentos pertenecían a personas que todavía no habían optado por ser representadas por el licenciado Irizarry Vega.

El notificar cambios de dirección de la representación legal tiene el propósito de cooperar con el trámite de los casos y salvaguardar la responsabilidad del abogado que aparece como abogado de récord. Su propósito no es, ni puede ser, como pretendía el querellado, desviar a su atención casos que no le pertenecían. Tal pretensión se vio desplegada en la nota genérica, con letras de tamaño exagerado, enviada por el querellado a las personas involucradas (potenciales clientes) en algún asunto pendiente en la I.N.S.

En otra ocasión, el querellado se acercó a dos personas que estaban acompañadas por un licenciado de la oficina de la licenciada González Rucci para entregarles una tarjeta suya de presentación. El licenciado Irizarry Vega les dijo que había cambiado de oficina, que él era el abogado de récord y que él les trataría mejor que la licenciada González Rucci.

Se suscitó otro incidente cuando el querellado dejó un mensaje en el contestador automático de la licenciada González Rucci que decía: "So pu--, métete la oficina por el cu--, oíste, so pu--". El mensaje fue escuchado por dos personas adicionales a la querellada, las cuales expresaron que el tono de voz en el mensaje era alto y agresivo. Reconocieron la voz como la del licenciado Irizarry Vega.

La primera queja presentada por el licenciado Irizarry Vega sobre la conducta de la licenciada González Rucci fue el 20 de octubre de 1998. La querellada compareció por escrito el 23 de noviembre de 1998 para solicitar tiempo adicional para contestar la queja. Finalmente, el 17 de diciembre de 1998, presentó su contestación. Esto se degeneró en un sinnúmero de mociones informativas, contra-querellas y las correspondientes contestaciones radicadas por parte de ambos.

Así las cosas, el 8 de junio de 1999, el señor Mejía Álvarez acudió junto a la querellada a una cita que éste tenía en la I.N.S. En un momento en que la licenciada González Rucci no estaba presente, el querellado se acercó al señor Mejía Álvarez y le hizo preguntas del caso. La querellada se presentó y le preguntó al señor Mejía Álvarez si ella continuaba siendo su representante legal, a lo que éste contestó afirmativamente. Ésta entonces le dijo al licenciado Irizarry Vega que el señor Mejía Álvarez era su cliente. Al momento en que la querellada y su cliente se disponían a cambiar de asientos, el querellado extendió la mano hacia el señor Mejía Álvarez y le gritó: "No le hagas caso quédate ahí, esa es una loca".

Finalmente, el 5 de agosto de 1999, cuando la querellada se disponía a hacer un pago en la ventanilla de I.N.S., se le acercó el licenciado Irizarry Vega y luego de decirle "tú eres una pu--", la empujó. La querellada contestó el empujón y la frase ofensiva con una bofetada. Acto seguido, el licenciado Irizarry Vega le propinó un puño. Tres declarantes que presenciaron la escena afirmaron que la agresión hubiese continuado de no ser por una señora que se interpuso entre ambos. Durante el incidente se escuchó al querellado decir: "Policía, policía, llamen a la policía, a un hombre con espejuelos no se le pega. Llamen a la policía". La querellada permaneció callada.

La Oficina del Procurador General investigó la conducta de ambos letrados, incluyendo conducta posterior a la presentación de la primera querella, y emitió su Informe el 14 de abril de 2000. En éste se le imputó a la licenciada González Rucci violaciones al los Cánones 20,

29, 30 y 38 de Ética Profesional. De otra parte, le imputó al licenciado Irizarry Vega violaciones a los Cánones 29, 30, 35 y 38. Resolvemos que los querellados incurrieron en dichas violaciones. Veamos.

II

Determinamos que la licenciada González Rucci incurrió en conducta que viola los Cánones 20, 29 y 38 de Ética Profesional. El licenciado Irizarry Vega, por su parte, incurrió en violaciones a los Cánones 29, 35 y 38.[1]

El Canon 20 le exige a la abogada hacer entrega al cliente, o al que era su cliente, **del expediente** y **de todo documento relacionado con el caso**. Hemos resuelto que una vez el cliente solicita la entrega del expediente, la abogada viene obligada a entregarlo de inmediato y sin dilación alguna. In re Avilés Vega, 96 J.T.S. 132, pág. 194. La abogada no tiene derecho de retención de documentos del cliente por éste no haber pagado honorarios. Nassar Rizek v. Hernández, 123 D.P.R. 360 (1989).

La licenciada González Rucci retuvo indebidamente expedientes que fueron solicitados por las personas a quienes pertenecían dichos documentos. Incurrió en este tipo de conducta en tres (3) ocasiones con tres (3) personas distintas. Además de estas tres (3) personas, la querellada le retuvo un documento al señor Guerrero. Dicha retención le impidió a éste obtener su residencia a tiempo para poder solicitar ingreso a la Escuela de Medicina de la Universidad de Puerto Rico.[2]

---

[1] El Informe del Procurador General expresa que los querellados incurrieron en violación al Canon 30. Dicho Canon se titula "Derecho a dirigir los incidentes del juicio" y se refiere al trato que debe haber entre abogados durante la preparación, celebración y culminación del juicio. Sobre el particular, las presiones o influencias de los clientes no deben menoscabar el trato generoso y considerado entre abogados. Consideramos que los hechos de este caso no justifican una determinación de violación al Canon 30.

[2] Aunque aquí no estamos frente a un caso de daños y perjuicios, hemos reconocido tal acción cuando un abogado retiene indebidamente el

El Criterio General de los restantes Cánones vulnerados expresa que "la preservación del honor y la dignidad de la profesión y la buena relación entre compañeros es responsabilidad ineludible de todo miembro de la profesión legal y para ello todo abogado debe observar con sus compañeros una actitud respetuosa, sincera, honrada y de cordialidad y cooperación profesional, velando siempre por el buen ejercicio de la profesión legal". 4 L.P.R.A. Ap. IX § 27.  Las actuaciones de los querellados están plagadas de faltas a este criterio general ético.

Al licenciado Irizarry Vega le imputaron violación al Canon 35, el cual le exige al letrado sinceridad y honradez hacia sus compañeros. No se considera sincero ni honrado el utilizar medios que sean inconsistentes con la verdad.  El Canon 35 le impone un deber de sinceridad y honradez al abogado *erga omnes*.  Éste incluye a sus representados y clientes potenciales.  In re Roberto Soto, 93 J.T.S. 155, pág. 113110.

A ambos abogados se le imputaron violaciones al Canon 29 de Ética Profesional.  Dicho Canon dispone que debe evitarse escrupulosamente toda cuestión personal entre los abogados y proscribe conducta impropia entre abogados al tramitar los pleitos.  In re Fred H. Martínez y Lawrence Odell, res. 12 de abril de 1999, 99 J.T.S. 59, pág. 873.  La preservación del honor y la dignidad de la de la profesión legal exige una buena relación interpersonal entre abogados.  In re Martínez Texidor, 130 D.P.R. 905, 916 (1992).  A fin de cuentas, la estatura moral e intelectual inherente al ejercicio de la abogacía impone un debate jurídico libre de personalismo y posiciones subjetivas que lo degraden a vulgar diatriba.  En In re Martínez Texidor, supra, citando a García Santiago v. Acosta, 104 D.P.R. 321 (1975) y *Deberes del Abogado para con los Tribunales, Criterio General*, Cánones 9 y 29 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

---

expediente o algún documento de una persona.  Véase, Méndez Rodríguez v. Morales Molina, 96 J.T.S. 149, pág. 348.

A pesar que los querellados no estaban en un debate jurídico, dirigiéndose directamente a un tribunal, la conducta entre ellos se degradó a vulgar diatriba dentro de la solemnidad que debe caracterizar al ambiente jurídico. Muchas de las actuaciones ocurrieron dentro del I.N.S., sus salas, y en los respectivos bufetes frente a terceras personas. Éstas afectaron directamente a sus clientes, quienes fueron expuestos a una vulgar lucha entre los querellados para ver quien retenía a quien, obviando el buen ejercicio de la profesión legal y poniendo en riesgo los derechos de sus clientes. No cabe duda que ambos querellados violaron el Canon 29.

Además, a ambos abogados le imputaron violación al Canon 38. Éste dispone que el abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión. En su conducta como funcionario del tribunal, deberá interesarse en hacer propia y cabal aportación hacia la consecución de una mejor administración de la justicia. Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en la vida privada como en el desempeño de su profesión debe conducirse en forma digna y honorable.

No se considera una aportación hacia la consecución de una mejor administración de la justicia la utilización abusiva de los medios judiciales. La continua presentación de quejas, contra-quejas, mociones de información adicional por parte de los querellados procuró convertir al honorable tribunal en un cuadrilátero para ventilar sus rencillas personales. Cabe señalar además, que el lenguaje utilizado en las comparecencias escritas deja mucho que desear y habla poco del profesionalismo que debe distinguir y caracterizar a los letrados.

El incidente violento entre los querellados ocurrido en las facilidades de I.N.S. dista vastamente de la forma digna y honorable en que deben conducirse los abogados, tanto en su vida privada como en la profesional. Los querellados, con su conducta, denigraron la dignidad y honor de la profesión. Es inconcebible que la conducta agresiva y

violenta de los querellado sea considerada como su máxima capacidad para exaltar la dignidad y honor de la profesión. Éstos dieron un pobre ejemplo a la ciudadanía en cuanto a la forma correcta de pacíficamente resolver las diferencias de criterio.

III

En vista de lo anterior, determinamos que los querellados incurrieron en las violaciones éticas imputadas. No cabe duda que la conducta de los querellados fue una de patente gravedad. Sin embargo, el 13 de septiembre de 1999, éstos presentaron una Moción Conjunta Solicitando Desistimiento y Archivo. En ésta expresan arrepentimiento y el compromiso de no reincidir. Consideramos estas manifestaciones como atenuantes, por lo que impondremos una sanción de suspensión de la profesión de la abogacía por un término de seis (6) meses a partir de la notificación de esta Opinión Per Curiam y hasta que otra cosa disponga este Tribunal. La sanción entrará en vigor inmediatamente después de dica notificación.

El Tribunal, además, le impone al querellado Irizarry Vega y a la querellada González Rucci el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, y les ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. También deberán informar de su suspensión a los distintos foros judiciales y administrativos del país.

Los querellados deberán certificarnos en treinta (30) días contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento con estos deberes, notificando también al Procurador General. Se ordena, además, la incautación inmediata del protocolo notarial de los querellados, quienes hasta la fecha de esta Per Curiam estaban activos en el ejercicio de la notaría.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alexis I. Irizarry Vega
Rosaura González Rucci

AB-1998-179

SENTENCIA

San Juan, Puerto Rico a 24 de agosto de 2000

Por los fundamentos expuestos en la Per Curiam que antecede, la cual forma parte integrante de la presente, se dicta Sentencia decretando la suspensión de los querellados de la profesión de la abogacía por un término de seis (6) meses contados a partir de la notificación de esta Opinión Per Curiam y hasta que otra cosa disponga este Tribunal. La sanción entrará en vigor inmediatamente después de dicha notificación.

El Tribunal, además, le impone al querellado Irizarry Vega y a la querellada González Rucci el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, y les ordena devolver cualquier honorario recibido por trabajos no realizados. También deberán informar de su suspensión a los distintos foros judiciales y administrativos del país.

Los querellados deberán certificarnos en treinta (30) días contados a partir de la notificación de esta Sentencia el cumplimiento con estos deberes, notificando también al Procurador General. Se ordena, además, la incautación inmediata del protocolo notarial de los querellados, quienes hasta la fecha de esta Sentencia estaban activos en el ejercicio de la notaría.

Lo pronunció y manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo.

Carmen E. Cruz Rivera
Subsecretaria del Tribunal Supremo