EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
| Gloria Figueroa Rivera | 2000 TSPR 188 |

Número del Caso: CP-2000-1

Fecha: 14/diciembre/2000

Oficina del Procurador General:

Lcda. Yvonne Casanova Pelosi
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Lcdo. Carlos R. Noriega

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gloria Figueroa Rivera                    CP-2000-1


PER CURIAM


San Juan, Puerto Rico a 14 de diciembre de 2000


Esta es la segunda vez en los últimos meses que se trae ante nuestra atención una situación donde un miembro de la clase togada pierde el auto control y recurre a la violencia física, esta vez en una vista pública ante una Examinadora de la Comisión de Servicio Público. Véase, In re: Alexis Irizarry Vega y Rosaura González Rucci, res. 24 de agosto de 2000, 2000 T.S.P.R. 128, 2000 J.T.S. 140, págs. 58-59. Situaciones como ésta resultan altamente preocupantes, pues denotan que la violencia que permea nuestra sociedad está incursionando en nuestro sistema de resolver

disputas de forma pacífica, incurriendo en la misma precisamente los que están llamados a ser los intermediarios y prevenirla, los abogados.

El 13 de enero de 2000 el Procurador General rindió un informe sobre una queja presentada por la Lcda. María T. Fullana Hernández contra la Lcda. Gloria Figueroa Rivera.

El incidente que dio lugar a la queja surgió durante una vista pública en la Comisión de Servicio Público en la cual la quejosa representaba a los señores Angel L. Rosario y Luis A. Rosario y la querellada, conjuntamente con el Lcdo. Manuel Vázquez Calderón, al interés público. Durante el transcurso de la vista se formularon varias objeciones y alegaciones que motivaron el que la querellada, licenciada Figueroa Rivera, le comentara en voz baja a la quejosa, licenciada Fullana Hernández, que ésta era "ridícula".[1] La licenciada Fullana Hernández trajo para récord lo que consideró manifestaciones impropias y conducta reprobable de la abogada querellada. La licenciada Figueroa Rivera negó el incidente a lo que la licenciada Fullana Hernández ripostó que "era baja", pues no aceptaba lo que había hecho. Alegó la licenciada Fullana Hernández que acto seguido la licenciada Figueroa Rivera le propinó una bofetada en la mejilla izquierda y que inmediatamente después se retiró de la sala para recuperarse de la agresión y presentar una querella ante la Policía de Puerto Rico.[2]

De otra parte, la licenciada Figueroa Rivera alegó que estaba sentada cuando "tocó" a la licenciada Fullana Hernández en el cuello.[3] Sin embargo, como parte de los hallazgos de la investigación de la Oficina de Auditoría Interna de la Comisión de Servicio Público está el siguiente: "Estando una al frente de la otra, la licenciada Fullana [Hernández] dirigiéndose a la licenciada Figueroa [Rivera] le dijo compañera, usted es una abogada bien baja e inmediatamente esta reaccionó dándole un manotazo en el cuello."[4]

En su contestación al Informe del Procurador General la licenciada Figueroa Rivera no negó el incidente allí narrado.[5] Lo lamentó, indicó que nunca debió haber ocurrido y

[1] Sobre este particular, el Procurador General señaló en su Informe que de la regrabación de la vista surgía que "las continuas objeciones efectuadas por el licenciado Maraver y la licenciada Fullana en representación de sus clientes no fueron frívolas."

[2] La licenciada Fullana Hernández también denunció el incidente de la agresión a la Comisión de Servicio Público.

[3] Sobre esta versión el Procurador General comentó:

"La única forma en que razonablemente ello pudo haber ocurrido es estando la querellada también de pie al momento de propinar el golpe o que la quejosa ya se hubiese sentado al momento de recibir el mismo.

[4] Como resultado de esta investigación la Comisión de Servicio Público envió a la licenciada Figueroa Rivera una reprimenda.

[5] **Es menester señalar otra actuación reprochable por parte de la querellada. En una declaración jurada de 16 de junio de 1999, la licenciada Figueroa Rivera sometió como verdad: "retiro a la Lcda. [Fullana Hernández]**

pide excusas. Admitió que el incidente ocurrió por "una ausencia o falta de control sobre las emociones, que deja mucho que decir". Sin embargo, entendía que parte de la culpa la tiene la Examinadora por no haber controlado a las partes en la vista.

Tomando en consideración el Informe del Procurador General y la contestación de la querellada licenciada Figueroa Rivera ordenamos la presentación de querella. El 21 de marzo de 2000 se presentó la querella en la cual, a base de los hechos previamente narrados se le imputó a la licenciada Figueroa Rivera haber violado el Canon 38 de Ética Profesional, 4 L.P.R.A. Ap. IX, que "obliga a todo abogado a esforzarse al máximo de su capacidad a la exaltación del honor y la dignidad de la profesión aunque al así hacerlo conlleve sacrificios personales."

El 12 de mayo la licenciada Figueroa Rivera contestó la querella. No negó la ocurrencia de los hechos. Se limitó a indicar "que nunca tuvo la intención de violentar ningún canon de ética, y en especial el Canon 38" y que hasta el incidente narrado en el Informe del Procurador General y la querella su conducta había sido una "de respeto, trabajo arduo y honesto", comprometida con los "altos valores éticos de la profesión". Expresó estar arrepentida, ofreció sus excusas y se aseguró que no volvería a incurrir en conducta similar.

El 30 de mayo nombramos al Hon. Arnaldo López Rodríguez, Ex juez Superior, Comisionado Especial para entender en la querella. El 7 de septiembre la querellada presentó a este Tribunal una moción informativa la cual acompañó con copia de una carta que había enviado a la licenciada Fullana Hernández excusándose e indicando que reconocía que había actuado mal y propiciado el incidente, por lo cual estaba arrepentida. El 18 de septiembre el Comisionado Especial presentó una moción expresando que las partes, la licenciada Figueroa Rivera y el Procurador General habían acordado dejar sometido el asunto "por el expediente que consta de los siguientes documentos: (a) Informe del Procurador General de 13 de enero de 2000; (b) Contestación al anterior informe; (c) Querella; [y] Contestación a la Querella.[6] Se indicó además, que la querellada licenciada Figueroa Rivera se había disculpado con la licenciada Fullana Hernández y estaba sinceramente arrepentida, por lo cual, el Procurador General se allanaba a que se le impusiese como sanción una severa amonestación.

No cabe la menor duda que la conducta de la licenciada Figueroa Rivera violentó los postulados del Canon 38. Fue una grave situación que ocurrió durante una vista pública ante una Examinadora de la Comisión de Servicio Público, testigos, partes, abogados y

---

**de mi persona en acto espontáneo, defensivo...tocando a su persona entre el hombro y el cuello derecho y alejándola de su acercamiento." En la contestación a la querella, la licenciada Figueroa Rivera aceptó la versión de la licenciada Fullana Hernández contradiciendo totalmente lo expuesto en la declaración jurada previa.**

[6] El Comisionado Especial indicó que por no existir controversia de hechos sobre las alegaciones no hubo necesidad de celebrar vista evidenciaria.

público en general, cuando tanto la querellante como la querellada estaban llevando a cabo funciones propias de su profesión como abogadas. Como bien señala su propio abogado "[e]l control que todo abogado tiene que ejercer sobre sus emociones, cobra un sentido más real cuando esa persona se encuentra litigando en un tribunal [o vista administrativa] en representación de algún cliente."

En el caso de autos, el sincero arrepentimiento de la licenciada Figueroa Rivera, unido al hecho de que ésta aceptó la gravedad de su conducta, pidió disculpas a la licenciada Fullana Hernández y ya recibió una reprimenda escrita de la Comisión de Servicio Público son atenuantes que hemos tomado en consideración al imponerle la sanción.

Por todo lo antes expuesto, se le suspende del ejercicio de la profesión por seis (6) meses y hasta que otra cosa disponga este Tribunal. Se le apercibe que en un futuro seremos más severos de incurrir de nuevo en este tipo de conducta. La falta de auto control, la supuesta provocación y la no intervención del funcionario que preside una vista no son ni pueden ser excusa para el uso de la violencia.

El Tribunal le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

La licenciada Figueroa Rivera deberá certificarnos en treinta (30) días, contados a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial de la abogada suspendida, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gloria Figueroa Rivera

CP-2000-1

SENTENCIA

San Juan, Puerto Rico a 14 de diciembre de 2000

Por los fundamentos expuestos en la Per Curiam que antecede, se suspende a la Lcda. Gloria María Figueroa Rivera del ejercicio de la profesión de abogada, por seis (6) meses y hasta que otra cosa disponga este Tribunal. Se le apercibe que, en un futuro seremos más severos de incurrir de nuevo en este tipo de conducta. La falta de auto control, la supuesta provocación y la no intervención del funcionario que preside una vista no son ni pueden ser excusa para el uso de la violencia.

El Tribunal le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados, y de informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

La licenciada Figueroa Rivera deberá certificarnos en treinta (30) días, contados a partir de que esta Sentencia advenga final y firme,

el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial de la abogada suspendida, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo