*In re* EUGENIO GONZÁLEZ CARDONA, querellado.

*Número:* CP-2004-009        *Resuelto:* 8 de febrero de 2006

---

*Eugenio González Cardona, pro se.*

PER CURIAM: Eugenio González Cardona fue admitido al ejercicio de la abogacía el 26 de junio de 1996.

El 17 de noviembre de 2004 el Procurador General de Puerto Rico presentó una querella ante nos en contra de González Cardona. Le imputó cuatro cargos, a saber: (1) haber incumplido en varias ocasiones con las órdenes emitidas por el Tribunal de Primera Instancia; (2) no haber comparecido a la toma de varias deposiciones autorizadas por el tribunal, lo cual dilató los procedimientos y faltó al deber de puntualidad que establece el Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; (3) haber abandonado la representación de un cliente sin solicitar la autorización del tribunal para renunciar a tal representación, como lo requiere el Canon 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, y (4) violar el Canon 35 de este Código, 4 L.P.R.A. Ap. IX, al exhibir una conducta carente de la sinceridad y honradez que deben observar los abogados cuando comparecen ante los foros judiciales.

González Cardona contestó la querella y, en esencia, alegó que dicha querella era frívola y que representaba *"un desquite o represalia por parte del Procurador General"*.

El 2 de marzo de 2005 nombramos un Comisionado Especial para que atendiera este asunto y nos rindiera el informe correspondiente. Dicho Comisionado señaló una *primera vista* para el 5 de mayo de 2005, pero ésta no se celebró porque el querellado solicitó que dicha vista fuese *pospuesta*, por encontrarse él ausente de Puerto Rico. El Comisionado Especial entonces señaló la vista pendiente para el 29 de junio de 2005, pero el querellado *no compareció a este segundo señalamiento ni se excusó*.

Así las cosas, el Comisionado Especial hizo un *tercer señalamiento* de la vista en cuestión para el 6 de octubre de 2005 y el querellado *tampoco compareció*. En vista de ello, el 14 de octubre de 2005 el Comisionado Especial trajo el asunto a nuestra atención, haciendo hincapié en que las tres incomparecencias del querellado a las vistas señaladas *habían sido injustificadas*.

El 18 de noviembre de 2005 le dimos un término a González Cardona para que mostrara causa por la cual no debía ser separado de inmediato del ejercicio profesional por sus injustificadas incomparecencias a las vistas señaladas por el Comisionado Especial.

González Cardona compareció antes nos *tardíamente*, doce días después de haber vencido el término que le habíamos concedido en la citada orden de mostrar causa. Nos indicó por primera vez que *desde hacía tres años* residía en el estado de la Florida, *a donde había mudado su domicilio*. Señaló, además, que tenía un apartado postal en Puerto Rico y un familiar recogía su correspondencia en dicho apartado *"cada tres o cuatro semanas"* y se la enviaba a la Florida y que por ello su correspondencia se demoraba *"de seis a ocho semanas"* en llegarle a sus manos. Explicó que esa era la razón de sus incomparecencias. Finalmente,

en el escrito referido, González Cardona *nos notificó por primera vez su nueva dirección postal en Florida* y solicitó un término adicional de treinta días para viajar a Puerto Rico y contratar un abogado para agilizar los procedimientos de este caso.

Transcurridos más de dos meses desde el referido último escrito de González Cardona, pasamos a resolver.

I

■ Como bien señala el Comisionado Especial en su informe a este Tribunal del 14 de octubre de 2005, las injustificadas ausencias de González Cardona a las vistas señaladas por dicho Comisionado constituyen *de por sí* una conducta impropia del querellado. Su gravedad queda de manifiesto por el hecho de que el procedimiento disciplinario iniciado en su contra *hace alrededor de quince meses* todavía sigue pendiente sin que se haya podido comenzar a dilucidar aún los cargos formulados por el Procurador General en contra de González Cardona. Con la referida conducta, éste ha logrado dilatar dicho procedimiento considerablemente, ello en violación a su deber de responder expeditamente a los requerimientos del Comisionado Especial. Reiteradamente hemos señalado que los abogados deben una meticulosa atención y obediencia a las órdenes que reciben en los procedimientos sobre su conducta profesional, para que éstos se tramiten con prontitud y diligencia. Conducta como la desplegada aquí por González Cardona obstaculizan y debilita la función reguladora de la profesión que este Foro está llamado a realizar, y ello por sí solo acarrea las más graves sanciones. *In re Otero Fernández*, 145 D.P.R. 582 (1998); *In re Laborde Freyre*, 144 D.P.R. 827 (1998); *In re Melecio Morales*, 144 D.P.R. 824 (1998).

■ Además, González Cardona ha cometido otra violación grave de sus deberes profesionales. Reiteradamente hemos insistido en que los abogados deben cumplir con la

obligación que les impone la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, de notificar cualquier cambio de dirección postal o física, tanto de su residencia como de su oficina. Una y otra vez hemos señalado que el incumplimiento con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es por sí sola razón suficiente para decretar la suspensión indefinida del ejercicio profesional del abogado que incumple. *In re Oliveras López de Victoria*, 166 D.P.R. Ap. (2005); *In re Torres Sepúlveda*, 160 D.P.R. Ap. (2003); *In re Santiago Rodríguez*, 160 D.P.R. 245 (2003); *In re Pérez Olivo*, 155 D.P.R. 887 (2001); *In re Santiago Méndez*, 141 D.P.R. 75 (1996); *In re Morales, Rubin*, 139 D.P.R. 44 (1995); *In re Serrallés III*, 119 D.P.R. 494 (1987).

En el caso de autos, el querellado incumplió durante tres años con la obligación de mantenernos informados de su dirección actual, y así ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria. Su práctica de mantener un apartado postal en Puerto Rico, que no atiende cotidianamente de modo alguno, mientras reside, trabaja y tiene un apartado de correo activo fuera de Puerto Rico, sin informarle a este Tribunal de sus direcciones reales fuera de la isla, no cumple con la obligación que le impone la citada Regla 9(j) del Reglamento del Tribunal Supremo. Tal práctica es más bien un artificio inaceptable.

## II

En resumen, pues, González Cardona ha incumplido con varios deberes medulares que tenía como abogado, al ausentarse injustificadamente de las vistas convocadas para dilucidar la querella en su contra —que tiene aún pendiente— y al no notificarnos durante tres años de su cambio de dirección postal o física tanto de su residencia como de su oficina. Ha obstaculizado de varias formas, pues, el ejercicio de nuestra jurisdicción disciplinaria. Es

evidente por ello que no le interesa continuar siendo miembro de la profesión de abogado y notario en Puerto Rico.

Por los fundamentos expuestos, *se decreta la suspensión inmediata e indefinida de Eugenio González Cardona del ejercicio profesional. Se le impone a Eugenio González Cardona el deber de notificar a todos sus clientes de Puerto Rico, si tiene alguno, de su inhabilidad para seguir representándolos, de devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país, si tiene algún asunto pendiente en éstos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión* per curiam *y sentencia. Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra notarial de Puerto Rico de este abogado suspendido y entregarla a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Se dictará una sentencia de conformidad.*