EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Héctor H. Santos Rivera | 2008 TSPR 12 <br><br> 173 DPR _____ |

Número del Caso: CP-2006-2

Fecha: 12 de diciembre de 2007

Abogado de la Parte Querellada:

    Lcdo. Elí B. Arroyo Santiago

Oficina del Procurador General:

    Lcda. Carmen A. Riera Cintrón
    Procuradora General Auxiliar

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor H. Santos Rivera          CP-2006-2      Conducta
Profesional

PER CURIAM

San Juan, Puerto Rico, a 12 de diciembre de 2007.

Nuevamente este Tribunal tiene el deber ineludible de invocar su poder disciplinario para sancionar a un abogado que no fue diligente en la representación de un caso de un cliente, retuvo indebidamente el expediente de dicho litigio después de haber presentado su renuncia al tribunal correspondiente y además incumplió con el deber de todo abogado de brindar su dirección actualizada a la Secretaria del Tribunal Supremo de Puerto Rico. Luego de examinar las determinaciones de hecho del Informe de la Comisionada Especial nombrada por el Tribunal para dilucidar la querella presentada por el Procurador General contra el Lic. Héctor Santos Rivera, procede suspender por un mes a dicho letrado

por violar los cánones 18 y 20 de Ética Profesional, así como la Regla 9(j) del Reglamento de este Tribunal Supremo.

I.

Del Informe de la Comisionada Especial nombrada por el Tribunal, la licenciada Eliadís Orsini Zayas, se desprende que el señor Julio C. Rodríguez Cruz (en adelante, el querellante) contrató los servicios del licenciado Héctor Santos Rivera (en adelante, Santos Rivera) para que lo representara en una acción civil contra la empresa The March Management, Inc. ante el Tribunal de Primera Instancia, Sala Superior de San Juan. Al momento de la contratación, el licenciado Francisco Cuyar Fernández (en adelante, Cuyar Fernández) había estado representando al querellante en el referido caso y era el abogado de récord, por cuanto no había renunciado a tal representación. Santos Rivera se unió a la representación legal del querellante en junio de 2000, luego que el Tribunal dictara sentencia en contra de su cliente en septiembre de 1999.

Por tal motivo, la primera gestión de Santos Rivera en el pleito tenía el propósito de que se relevara al querellante de la sentencia emitida mediante una moción presentada para ello el 20 de julio de 2000. Evidentemente, dicha solicitud se presentó fuera del término provisto para ello por la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2.

Posteriormente, a causa de alegados conflictos de interés con el cliente, Santos Rivera presentó una moción de renuncia el 13 de octubre de 2000, la cual fue aceptada

por el foro de instancia el 1ero de noviembre de 2000. Sin embargo, Santos Rivera no entregó oportunamente el expediente del caso al cliente, a pesar de que este último le hizo diversos requerimientos a tales efectos.

Así las cosas, el querellante presentó la queja de epígrafe el 7 de diciembre de 2000, aduciendo que, tras haber renunciado, Santos Rivera se negó a devolverle el expediente del caso para el cual lo había contratado. Ya para esa fecha el querellante había gestionado los servicios profesionales de otro abogado, el licenciado Iván C. Reichard-McKenzie, quien presentó un recurso ante el foro de instancia solicitando el auxilio del tribunal para que Santos Rivera le entregara el expediente del referido caso a su cliente. En atención a lo anterior, el tribunal emitió una resolución el 14 de febrero de 2001, en la cual autorizó la nueva representación legal y requirió a Santos Rivera la entrega del expediente al querellante.[1] A pesar de que mediaron varias órdenes judiciales para su entrega- incluyendo una resolución para tales propósitos emitida por este Tribunal el 30 de abril de 2001- **el expediente del caso no fue entregado al querellante hasta el 23 de mayo de**

---

[1] El querellante alegó en cierta comunicación ante este Tribunal que el 29 de marzo de 2001 se presentó en la casa de Santos Rivera, acompañado de tres agentes del orden público, con copia de la orden del foro de instancia para solicitar la entrega del expediente de su caso. Santos Rivera rehusó entregar los documentos solicitados una vez más y alegadamente lo trató de forma amenazante e irrespetuosa, refiriéndose a su persona como "loco y de psiquiatra". El querellante también indica en esta carta que estaba pendiente una acción civil de impericia profesional contra Santos Rivera, la cual -según determinó la Comisionada Especial- nunca existió ni se presentó en los tribunales.

**2001, transcurridos seis (6) meses después de que se hizo efectiva su renuncia.**

En atención a este trasfondo fáctico, el Procurador General sometió ante nuestra consideración el Informe relativo a la querella de autos, concluyendo que la conducta de Santos Rivera ameritaba el inicio de un procedimiento disciplinario por violar los cánones 18, 20 y 27 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.; así como la Regla 9(j) del Tribunal Supremo de Puerto Rico. A tenor con ello, presentó cuatro (4) cargos contra Santos Rivera por infringir los referidos cánones de ética profesional.

Sometido el caso y examinado el informe de la Comisionada Especial, estamos en posición de resolver.

II.

A.

Todo abogado tiene la obligación de defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18. Por ello, los deberes éticos de la profesión exigen que todo abogado actúe con el más alto grado de diligencia y competencia posible. In re Vilches López, res. 4 de abril de 2007, 2007 T.S.P.R. 84; In re Ortiz López, res. 22 de diciembre de 2006, 2007 T.S.P.R. 4.

El Canon 18 de Ética Profesional, *supra*, prohíbe asumir la representación legal de un cliente cuando el abogado entiende que no tiene la capacidad para rendir una labor idónea y competente. La desidia, desinterés, inacción y displicencia como patrón de conducta en la representación del cliente violentan las disposiciones del Código de Ética Profesional. In re Vilches López*, supra*; In re Padilla Pérez, 135 D.P.R. 70 (1994).

Por tanto, hemos expresado que aquella actuación negligente que pueda conllevar o, en efecto conlleve, la desestimación o archivo de un caso, infringe el Canon 18 de Ética Profesional, *supra*. In re Colón Morera, res. 23 de agosto de 2007, 2007 T.S.P.R. 157; In re Hoffman Mouriño, res. 7 de mayo de 2007, 2007 T.S.P.R. 115. Permitir que expire el término prescriptivo o jurisdiccional de una acción, así como desatender o abandonar el caso, son ejemplos de conductas que contravienen los principios del Código de Ética Profesional. In re Vilches López, *supra*. Como norma general, hemos sancionado y suspendido del ejercicio de la profesión a todo abogado que, con su desatención o desidia, ha provocado la desestimación o archivo del caso de su cliente. In re Rosario, 116 D.P.R. 462 (1985).

### B.

Por su parte, el Canon 27 de Ética Profesional, 4 L.P.R.A. Ap. IX, C.27, establece que cuando dos o más abogados encargados conjuntamente de una causa no puedan llegar a un acuerdo en cuanto a cualquier asunto de vital

importancia para su cliente, éste último debe ser informado francamente de dicha diversidad de criterio para que adopte la decisión que estime más conveniente. La decisión del cliente debe ser aceptada a no ser que la naturaleza de la diversidad de criterios le impida al abogado cuya opinión ha sido rechazada su cooperación efectiva en los trámites posteriores del caso. Ante tal situación, este abogado tiene el deber de solicitar del cliente que le exima de continuar en el asunto. Canon 27 del Código de Ética Profesional, *supra*.

El criterio general que precede este canon estipula que la preservación del honor y la dignidad de la profesión, así como la buena relación entre compañeros del foro, es responsabilidad intrínseca de todo miembro de la profesión legal. Todo abogado debe observar con sus compañeros una actitud digna, respetuosa, sincera, cordial y de cooperación profesional, velando siempre por el ejercicio diligente y competente de la profesión legal. In re Roldán González, 105 D.P.R. 498 (1976). In re Anca y Marín Baez, 104 D.P.R. 550 (1976). Del mismo modo, el Canon 27 de Ética Profesional, *supra*, también dispone que todo esfuerzo, directo o indirecto, encaminado a inmiscuirse de cualquier forma en la gestión profesional de otro abogado, es indigno de aquellos que deben ser hermanos en el foro. No obstante lo anterior, el referido canon le concede a todo abogado el derecho a aconsejar debidamente, sin temores ni favores, a aquellas personas que acuden a él para solicitar sus servicios en busca de algún remedio, especialmente cuando

la deslealtad o negligencia de otro abogado está envuelta. Ante este supuesto, el abogado debe primero intentar comunicarse con el abogado contra el que se formule la queja, siempre que sea posible. Canon 27 de Ética Profesional, *supra*.

C.

Cónsono con los deberes éticos que hemos mencionado, reiteramos que si un abogado llega a la conclusión de que la demanda que ha radicado no tiene méritos, luego de haber radicado la misma, la manera correcta y ética de proceder es informarle oportunamente su criterio al cliente y renunciar formalmente a su representación legal. In re Flores Ayffán, res. 26 de enero de 2007, 2007 T.S.P.R. 15.

El Canon 20 de Ética Profesional, 4 L.P.R.A. Ap. IX, C.27, establece el procedimiento que deben seguir los abogados al renunciar a la representación legal de un cliente. En lo pertinente, este canon dispone que al ser efectiva tal renuncia, **el abogado debe hacerle entrega del expediente y de todo documento relacionado con el caso a su cliente**, además de reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado. Canon 20 de Ética Profesional, *supra.* Ello se exige con el fin de evitar que se ocasionen daños y perjuicios a los derechos del cliente, y a la misma vez abonar la tramitación continua de los casos.

En vista de ello, una vez el abogado concluye las gestiones para las cuales fue contratado, la entrega del

expediente al cliente debe hacerse inmediatamente y sin dilación alguna. In re Franco Rivera, res. 16 de octubre de 2006, 2006 T.S.P.R. 170. A su vez, la devolución del expediente no puede estar sujeta a ninguna condición, pues los abogados no tienen un gravamen ni derecho de retención sobre los documentos del cliente. In re Rodríguez Mercado, res. 15 de septiembre de 2005, 2005 T.S.P.R. 144; In re Irrizary Vega, 151 D.P.R. 916 (2000); Nassar Risek v. Hernández, 123 D.P.R 360, 368 (1989); In re Vélez, 103 D.P.R. 590, 599 (1975).

## III.

Hemos expresado en más de una ocasión que este Tribunal "no habrá de alterar las determinaciones de hechos del Comisionado Especial, salvo en aquellos casos donde se demuestre parcialidad, prejuicio o error manifiesto". In re Fernández de Ruiz, res. 21 de abril de 2006, 2006 T.S.P.R. 76 (2006); In re Rivera Alvelo y Ortiz Velázquez, 132 D.P.R. 840 (1993). En el presente caso, tras un examen riguroso del informe rendido por la antes mencionada Comisionada Especial y la prueba que obra en el expediente, no encontramos razón por la cual debamos intervenir con sus determinaciones fácticas.

## A.

En el primer cargo, el Procurador General le imputa a Santos Rivera incurrir en conducta profesional en violación al Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX. C.18, "al no ejercer el cuidado y diligencia necesarios en la protección de los derechos e intereses de su cliente al

presentar fuera de término una moción de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2". Además, el Procurador General también sostiene en dicho cargo que Santos Rivera no presentó una réplica a una Moción de Sentencia Sumaria presentada por la parte demandada, y en su lugar, presentó una Moción de Renuncia a la representación legal del querellante.

No obstante lo anterior, surge de las determinaciones de hechos contenidas en el informe presentado por la Comisionada Especial que dicha Moción de Sentencia Sumaria fue presentada, notificada y resuelta por el tribunal de instancia cuando Santos Rivera aún no había asumido la representación legal en el caso del querellante. De hecho, la sentencia final del referido caso se emitió nueve (9) meses antes de que el querellante contratara a Santos Rivera para que asumiera la representación legal en el mismo durante la etapa de ejecución de sentencia.

Por otro lado, se desprende del expediente de autos que la única gestión que realizó Santos Rivera en el pleito del querellante fue la presentación de una moción de relevo de sentencia el 20 de julio de 2000, diez (10) meses después del archivo de la notificación de la sentencia imponiendo el pago de honorarios y costas al querellante. Para justificar su presentación tardía, el letrado invoca en dicho recurso la facultad de los tribunales para relevar a una parte de una sentencia por las razones de error, inadvertencia, sorpresa o negligencia excusable al amparo

de la Regla 49.2 de Procedimiento Civil, *supra*; a base de que la condición de salud de Cuyar Fernández (el abogado original del querellante en el pleito) había impedido su desempeño efectivo en el caso de autos. En defensa de tal actuación, Santos Rivera expone en su contestación a la querella que su comparecencia solicitando el relevo de sentencia se refería al relevo del cobro de las costas y honorarios de abogados, para la cual la ley no fija término prescriptivo. No le asiste la razón. Santos Rivera hace caso omiso a que la referida regla -la que él mismo citó en su comparecencia ante el foro de instancia para solicitar el relevo de sentencia- dispone específicamente que tal moción se debe presentar dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Regla 49.2 de Procedimiento Civil, *supra*.

Por tanto, la única gestión realizada por Santos Rivera en el caso del querellante fue solicitar el relevo de sentencia mediante la presentación de una moción fuera del término provisto para ello, pero aún durante la etapa procesal de ejecución de sentencia. A pesar de que dicha moción era improcedente en derecho, por lo que la única gestión del letrado en el mencionado caso fue totalmente infructuosa e inconsecuente, coincidimos con la Comisionada Especial en su determinación de que la prueba presentada por el Procurador General en apoyo al cargo de violación

del Canon 18 de Ética Profesional no sostiene las aseveraciones específicas del mismo.

Como ya mencionamos, aquella actuación negligente por parte del abogado que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso infringe el Canon 18 de Ética Profesional, *supra*. Aunque la actuación de Santos Rivera en la representación legal del querellante no fue efectiva ni idónea, el caso no se desestimó por causa de su desidia o negligencia. Como ya sabemos, el querellante contrató a Santos Rivera en la etapa de ejecución de sentencia, por lo que no se le puede responsabilizar por la desatención y negligencia del abogado que originalmente presentó y tramitó la demanda del querellante, y que nunca contestó la moción de sentencia sumaria.

No obstante lo anterior, resulta evidente que Santos Rivera erró al haber aceptado el caso en la etapa procesal en que se encontraba con el único propósito de presentar una moción de relevo de sentencia improcedente en derecho. El Canon 18 de Ética Profesional, *supra*, prohíbe asumir la representación legal de un cliente cuando el abogado entiende que no tiene la capacidad para rendir una labor idónea y competente en el caso ante su consideración. En vista de ello, sostenemos que el abogado incurrió en una violación al Canon 18 de Ética Profesional, *supra*, por no desplegar el grado de diligencia y competencia que se espera de todo abogado en el ejercicio de la profesión; y por asumir la representación legal en un caso donde no le

era posible rendir sus servicios de manera idónea, efectiva y competente.

B.

Por otro lado, el Procurador General le imputa a Santos Rivera violentar el Canon 27 de Ética Profesional, *supra*. Conforme a lo discutido en relación al referido canon, cuando un abogado asume la representación de un cliente en unión a otro abogado, debe mantenerse una representación conjunta y consistente entre ambos letrados. Si surge cualquier discrepancia o desavenencia entre los abogados, se debe consultar al cliente para que éste tome la decisión que estime conveniente. Para sustentar este cargo, el Procurador General señala el hecho de que la representación legal que asumió Santos Rivera fue compartida con Cuyar Fernández, e indica que "[a]nte esta situación, el licenciado Santos no podía promover, como lo hizo al solicitar el relevo de la sentencia emitida en el caso, una defensa basada en la falta adecuada de representación del abogado con quien decidió compartir sus funciones de abogado."

En el presente caso, Santos Rivera asumió la representación legal del querellante con la anuencia y el consentimiento de Cuyar Fernández, quien convalecía en aquel momento por motivos de una condición de salud. No surge de los documentos que obran en autos ni de las comparecencias del querellante que hubiese diversidad de criterios o discrepancia alguna entre Santos Rivera y Cuyar Fernández. El Procurador General aduce que la violación al

Canon 27 se configuró a base de la defensa planteada por Santos Rivera en la moción de relevo de sentencia en cuanto a la condición de salud de Cuyar Fernández.

Aunque los problemas de salud de Cuyar Fernández evidentemente resultaron en problemas de comunicación y de idoneidad en la representación legal del querellante, no se le puede imputar a Santos Rivera haber infringido el Canon 27 de Ética Profesional, *supra*, por meramente hacer referencia a los mismos en su comparecencia ante el tribunal. Estos problemas tampoco constituyen un asunto de discrepancias ni de diversidad de criterio entre ambos abogados. En vista de ello, somos del criterio, al igual que la Comisionada Especial, que estos incidentes no se pueden enmarcar dentro de los postulados de dicho canon.

Finalmente, cabe añadir que el Procurador General alegó en este cargo que Santos Rivera condicionó el asumir la representación legal del querellante a que este último desistiera de la querella que había radicado en contra de Cuyar Fernández. Si bien es cierto que el querellante desistió posteriormente de la querella presentada contra Cuyar Fernández, de las determinaciones de hechos realizadas por la Comisionada Especial se desprende que no se presentó prueba alguna para sostener estas aseveraciones contra Santos Rivera.

C.

En el tercer cargo, el Procurador General señala que Santos Rivera infringió el Canon 20 de Ética Profesional, *supra*, por no entregar el expediente al cliente

inmediatamente y sin dilación alguna. Surge del expediente que el tribunal de instancia aceptó la renuncia de Santos Rivera el 1ero de noviembre de 2000. Como discutimos anteriormente, está claramente establecido por el referido canon y por los pronunciamientos anteriores de este Tribunal que el expediente debió haber sido remitido al cliente en la misma fecha que se hizo efectiva la renuncia o inmediatamente después de ella. No obstante lo anterior, Santos Rivera no devolvió el expediente al querellante hasta el 23 de mayo de 2001, seis (6) meses después de que se hizo efectiva su renuncia.

Esta conducta se agrava por el hecho de que Santos Rivera no entregó oportunamente el expediente a su cliente, a pesar de que mediaron varias órdenes judiciales para su entrega, incluyendo una orden para tales efectos emitida por este Tribunal el 30 de abril de 2001. En dicha resolución ordenamos la entrega del expediente no más tarde de los siguientes tres días de notificada la misma  y le advertimos a Santos Rivera que su incumplimiento con la misma podía conllevar su suspensión del ejercicio de la abogacía.

Por su parte, Santos Rivera compareció ante nosotros para aducir que la orden emitida por este Tribunal era "académica", dado que ya se había verificado la entrega del expediente al momento en que se diligenció la misma. Con posterioridad a ello, el querellado intentó justificar su conducta, alegando que él no era el único abogado de récord cuando se suscitó su renuncia y la solicitud de entrega del

expediente, por lo que no podía devolver automáticamente el mismo al cliente sin contar con la autorización expresa del otro abogado, quien aún no había sido relevado de sus funciones como abogado principal de récord en el referido caso. Santos Rivera expresó, además, que en el expediente obraba prueba documental alegadamente confidencial y de cierta naturaleza sensitiva en relación a un menor y a Cuyar Fernández; por lo que no podía entregar el expediente al cliente  sin la autorización expresa de este último.

Tales planteamientos son inmeritorios e improcedentes en derecho. El abogado renunciante no tiene interés propietario alguno sobre el expediente del caso. Dicho expediente, al igual que la causa de acción, le pertenece exclusivamente al cliente y su entrega no puede estar sujeta a condición alguna, ya sea el desembolso de honorarios o a la previa autorización de otra persona. De lo contrario, se estaría atentando contra el derecho del cliente de defender cabalmente su causa de acción. El hecho de que dos abogados compartan la representación legal de un cliente no opera como excusa válida para no entregar el expediente al momento de presentar su renuncia. No son razones justificadas para no entregar el expediente que el abogado renunciante no tiene la tenencia física del mismo, ni que uno de los abogados ostenta derechos personales sobre la propiedad de ciertos documentos. Además, las funciones de los abogados, como oficiales del Tribunal y funcionarios de la justicia, están revestidas de gran interés público. Dichas funciones generan deberes y

responsabilidades duales para con sus clientes y para con el tribunal en la administración de la justicia.

A tales propósitos, la conducta incurrida por un letrado al no entregar el expediente oportunamente a su cliente tiene el efecto de dilatar indebidamente el transcurso procesal de los procedimientos judiciales. Por tanto, sostenemos que la referida actuación de Santos Rivera infringió el Canon 20 de Ética Profesional, *supra*.

IV.

Por último, el Procurador General aduce que Santos Rivera incurrió en una violación a la Regla 9 (d) del Reglamento del Tribunal Supremo de Puerto Rico, la cual establece el deber de todo abogado de brindar su dirección actualizada a la Secretaria del Tribunal Supremo. Hemos sido enfáticos en que los abogados tienen el deber de cumplir rigurosamente con esta obligación, por lo que deben notificar inmediatamente a la Secretaria del Tribunal Supremo cualquier cambio de dirección postal o física, tanto de su residencia como de su oficina. En varias instancias hemos señalado que el incumplimiento con este deber obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es, por sí sólo, razón suficiente para decretar la suspensión indefinida del ejercicio profesional del abogado que incumple. In re González Cardona, res. 8 de febrero de 2006, 2006 T.S.P.R. 29; In re: Torres Sepúlveda, res. el 19 de septiembre de 2003, 2003 T.S.P.R. 170; 141 D.P.R. 75 (1996); In re: Serrallés III, 119 D.P.R. 494 (1987).

La querella de epígrafe surgió por motivo de una moción en auxilio de jurisdicción presentada ante este Tribunal por el querellante, solicitando la entrega del expediente del caso que estaba aún pendiente ante el tribunal de instancia. Como ya mencionamos, este Tribunal expidió una orden para tales efectos el 30 de abril de 2001. Sin embargo, la orden emitida por este Tribunal no pudo ser diligenciada por los alguaciles del Tribunal Supremo hasta el 13 de diciembre de 2001, más de seis meses después de su expedición. Tomamos conocimiento judicial de las varias gestiones de diligenciamientos negativos efectuadas por los alguaciles de este Tribunal desde el inicio de los procedimientos disciplinarios en relación a Santos Rivera. Surge de los autos que la tardanza en el diligenciamiento de la notificación se debió a que Santos Rivera no informó a la Secretaría de este Tribunal su dirección actualizada, y tampoco fue posible conseguir al mismo en la dirección brindada por el querellante. En tal ocasión, Santos Rivera informó a este Tribunal que el expediente ya se había entregado por la vía postal el 23 de mayo de 2001 a la nueva representación legal del querellante.

La Comisionada Especial determinó en su informe que Santos Rivera ha estado en cuatro (4) direcciones diferentes durante momentos distintos, por lapsos de tiempo que podrían fluctuar en períodos de hasta dos (2) años. Dichas direcciones no fueron notificadas en ningún momento a este Tribunal ni a la Oficina del Procurador General. De hecho, los procedimientos disciplinarios en el caso de

autos se dilataron injustificadamente por el incumplimiento de Santos Rivera con el deber impuesto por la referida regla, obstruyendo así el ejercicio efectivo de nuestra jurisdicción.

V.

En conclusión, resolvemos que Santos Rivera actuó en contravención a los principios medulares de la profesión jurídica consagrados en los cánones 18 y 20 de Ética Profesional, y en violación a la Regla 9 (j) del Reglamento de este Tribunal. Santos Rivera no debió haber aceptado el caso del querellante en la etapa procesal en que se encontraban los trámites judiciales del mencionado pleito. A su vez, incumplió con las obligaciones de todo abogado para con su cliente y para con los tribunales al no entregar el expediente de su cliente a tiempo, y al no notificar oportunamente a este Tribunal de sus varios cambios de direcciones. Cabe señalar que las determinaciones de hechos de la Comisionada Especial también revelan que Santos Rivera no fue honesto para con este Tribunal ni para con el tribunal de instancia al manejar los incidentes relacionados a la devolución del expediente y a la actualización de las direcciones ante la Secretaría del Tribunal Supremo, a pesar de que la comisión de ambas faltas resulta evidente.

En atención a todo lo anterior, procede que se le imponga a Santos Rivera una sanción disciplinaria por haber violado los Cánones 18 y 20 de Ética Profesional, así como la Regla 9(J) de este Tribunal. No obstante, en vista de su

buen historial profesional, se limita la sanción a una suspensión inmediata del ejercicio de la abogacía por el término de un (1) mes. Se le apercibe que su incumplimiento con los deberes éticos en el futuro puede conllevar una sanción más severa.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta días del cumplimiento de estos deberes.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor Santos Rivera                     CP-2006-2        Conducta
                                                          Profesional

SENTENCIA

San Juan, Puerto Rico, a 12 de diciembre de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se le impone al licenciado Santos Rivera una sanción disciplinaria por haber violado los Cánones 18 y 20 de Ética Profesional, así como la Regla 9(J) de este Tribunal. No obstante, en vista de su buen historial profesional, se limita la sanción a una suspensión inmediata del ejercicio de la abogacía por el término de un (1) mes. Se le apercibe que su incumplimiento con los deberes éticos en el futuro podrá conllevar una sanción más severa.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta (30) días del cumplimiento de estos deberes.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez coincide y está conforme con el Tribunal cuando determina que el Lcdo. Héctor Santos Rivera incurrió en violación al Canon 20 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, y la Regla 9(j) del Reglamento del Tribunal Supremo y con la sanción impuesta. Disiente, sin embargo, de la determinación del Tribunal de encontrar probado una violación al Canon 18 de Ética Profesional.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo